## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

CHOON'S DESIGN LLC, a Michigan
corporation,

      Plaintiff,

v.

864SHOP; AILYTEC INC.; ANHETOY;
ANQINGNENGXIANGSHANGMAOYOU
XIANGONGSI; AOZWIN; BAIMEI CO.,
LTD./JINJIANG BAIMEI WANGLUOKEJI;
BAIVIPILY; BEHOME019; BENSOLAR;
BENSONRA; BIG TOTORO; BUBBLE
PIG; CALUO E-COMMERCE;
CHEAPYSHOP-US; CHENGDU
ZHEXILUO TRADING CO., LTD.;
CHOSEN BY LUCK; CHUHEDIANZI;
CHYUAOU PIN CO., LTD.; DEFNES
ELECTRONIC; DFDIQI05; DGXB; DIY
SUPPLY/LANGTAIMU; EASYBUY-US;
EDFQ2773; FANGSHENG;
FENGXINGH38; FOTF9649; FUNZBO;
FZFLZDH; GET IT HOME; GUVPEV CO.
LTD.; HANYOU E-COMMERCE CO.,
LTD.; HAPSAY; HARMONYHM-14;
HJJEXLY; HOMCHY;
HOMEKEEPING_2021; HOPESHOW;
HSHGIHKF05; HURYFOX DIRECT;
HZBHLLX; JEACY; JEREMY194512;
JINAHUAXIAO; JINGWEI CULTURE
MEDIA CO., LTD.; JINYUAN CO. LTD.;
JIRONGBEN; JIULINH CO. LTD.; JLKJ;
JMING; JOYBUY; KATRER CO. LTD.;
KIDS LOVE STORE; KIDTOYS; KKLLE9;
LAUCENTRAL; LIANJIA-WA;
LIBERRY/NAN JING JING DIAN WANG
LUO KE JI YOU XIAN GONG SI;
LINDCHE6; LUCKISTARS.LLC;

Case No. 2:22-cv-12963-SJM-APP
Honorable Stephen J. Murphy, III
Magistrate Judge Anthony P. Patti

**FILED UNDER SEAL
PURSUANT TO E.D. MICH.
L.R. 5.3(b)**

Amburn Law PLLC
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



LUCKYSELLER-01; LUCYZERO; MC
FUJIAN; MEHOME STORE; MODIKA CO.
LTD.; NAIL SALON; NEOWEEK; OIUIO;
ONRAYE; OXOTTA TECH CO. LTD.;
PEAROFT; QUNSENWUJIN; REEREEN
CO. LTD.; RESIDOSHOP; SDHOME89;
SEA STARS CO. LTD.; SHANDONG2017;
SHANDONG2018;
SHANGHAIHUIXIAOYISHENGWUKEJIY
OUXIANGONGSI; SHANG-LY3;
SHENZHEN BANNENG TECHNOLOGY
DEVELOPMENT CO., LTD.; SHENZHEN
ZY TECHNOLOGY CO. LTD.; SWEEKY;
TAGERDY STORE;
TIANMEN.MOUNTAIN; TOAOSET
JINGYINGBU; UMATRAIN; VEGCOO
CO. LTD.; WIVOWI LOOM; XPEJDWXA;
XTIEKSH; YAO | SHENZHEN
GUANGYAO MINGHUI TECHNOLOGY
CO., LTD.; YCZL; YOUR CHOICE CO.
LTD.; YOUXIANGONGSI;
YUSNEHGYIYING; YYDS11; AND
YYECNNG INTL CO, LTD.,

        Defendants.

**AMBURN LAW PLLC**
By:   Dean W. Amburn (P46427)
400 Renaissance Center, Suite 2111
Detroit, Michigan 48243
Phone: (248) 621-2111 Office
       (248) 212-2777 Mobile
Email: DWA@AmburnLaw.com

***Attorneys for Plaintiff***

<div align="center">

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

</div>



2

NOW COMES Choon's Design LLC ("Plaintiff" or "Choon's Design"), by and through its attorneys, Amburn Law PLLC, and for its Complaint against the above identified Defendants (collectively "Defendants"), and as further identified in **Exhibit 1**, states as follows:

<u>**INTRODUCTION**</u>

1.      Defendants operate ecommerce stores hosted under various ecommerce websites such as Amazon, eBay and Walmart.com for the purpose of selling infringing products to unknowing consumers.  Choon's Design filed this action to combat the Defendants' infringing activities.  Defendants trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States unlicensed products, namely kits including rubber bands, links and mini-looms that infringe Plaintiff's patent under, U.S. Patent No. 8,899,631 and trademarks (the "Infringing Products").  Defendants' Infringing Products directly compete with Plaintiff's mini-loom kits, also sold on Amazon, and are causing lost sales and damage to Plaintiff's goodwill.  A listing of the Defendants including their purported name; product identifiers such as ASINs or product numbers; a thumbnail picture of their infringing product; and other information is attached as **Exhibit 1**. Some of the Defendants include a separate "business name" as seen in **Exhibit 1**. All the entities identified in **Exhibit 1** are included in the Defendants.



2.     Choon's Design has filed this action to stop Defendants' infringement of its patented product, as well as to protect unknowing consumers from purchasing Infringing Products over the internet.   Choon's Design also seeks to prevent trademark infringement and unfair competition by the Defendants.  Choon's Design has been and continues to be irreparably damaged from the loss of its lawful intellectual property rights to exclude others from making, using, selling, offering for sale, and importing its patented product because of Defendants' actions and seeks injunctive and monetary relief.

3.     Upon information and belief, infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement efforts.  Evasive activities include the destruction or hiding of evidence and the movement of funds to offshore bank accounts outside the jurisdiction of the Court before a temporary asset restraint is ordered.  It is also common for defendant infringers to participate in conversations through websites such as www.sellerdefense.cn, www.kaidianyo.com, and www.Kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation and potential new lawsuits.  Therefore, Plaintiff requests to keep its enforcement actions confidential to prevent Defendants' destruction of evidence and continuation of Defendants' evasive activities.



Amburn Law PLLC
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243

**PARTIES**

4.    Choon's Design is a Michigan corporation having its primary place of business at 23660 Research Drive, Suite A, Farmington Hills, Michigan 48335.

5.    Upon information and belief, Defendants are citizens or businesses domiciled in the Peoples' Republic of China.    Additional information about Defendants can be found in **Exhibit 1**.

**JURISDICTION AND VENUE**

6.    This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), § 1332 (diversity), and § 1338(a) (patents).

7.    Defendants are subject to personal jurisdiction in this Court since each of the Defendants directly target business activities toward consumers in the United States, including Michigan through at least the fully interactive, ecommerce stores hosted on ecommerce sites.  Furthermore, upon information and belief, this Court has personal jurisdiction over Defendants because they have committed acts giving rise to Plaintiff's claims within and directed to this judicial district. For instance, Defendants have sold and shipped infringing products to customers located in this judicial district.

8.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400 (a).  Upon information and belief, all the Defendants are citizens of the



Amburn Law PLLC
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243

Peoples' Republic of China.   Therefore, pursuant to 28 U.S.C. § 1391(c)(3) "a defendant not resident in the United States may be sued in any judicial district."

## BACKGROUND

9.      In late 2011, Choon's Design introduced its Rainbow Loom product ("the Rainbow Loom") to the market. The Rainbow Loom is a kit including, among other things, a loom designed to be used with rubber bands to form links for making bracelets, necklaces, and even bags and other items.

10.     Choon's Design introduced the Rainbow Loom by selectively placing it in specialty toy and craft stores. Choon's Design did not initially sell the product to any retail chains-although it does now.

11.     Notwithstanding, the Rainbow Loom product was, from the get-go, received with great fanfare and accomplished almost immediate and monumental success-even without any relationships with retail chains.

12.     In an article dated July 19, 2013 (attached as **Exhibit 2**), one store owner noted "[w]e are selling the Rainbow Loom like crazy!" The article further notes that the Rainbow Loom is "[t]he summer obsession . . . [and] . . . is flying off shelves so quickly that stores can't keep them in stock for long," and that the popularity of the Rainbow Loom has "'spread like wildfire throughout the country,' especially with kids 5 to 15."

Amburn Law PLLC

400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



Amburn Law PLLC

400 Renaissance Center, Suite 2111, Detroit, Michigan 48243

13.     Plaintiff's founder, Cheong Choon Ng, has been featured on the NBC's TODAY show (http://www.today.com/style/new-silly-bandz-rainbow-loombracelets-hit-kids-6C10920802) and his amazing success story has been detailed in a number of publications.  Copies of a few of the published articles, such as those in The Wall Street Journal, The New York Times, and Crain's Detroit Business are attached as **Exhibit 3**.

14.     Undoubtedly, the Rainbow Loom has become a smash hit within the toy industry.  Choon's Design was awarded the coveted "Toy of the Year" award at the 14th Annual Toy of the Year Awards held in New York City. Choon's Design also received awards for "Activity Toy of the Year," "Girl Toy of the Year," and "Specialty Toy of the Year." A press release from the Toy Industry Association is attached as **Exhibit 4**.

15.     Since its introduction into the market, Choon's Design has sold multiple millions of the Rainbow Loom kits in the U.S.

16.     In addition to a loom, rubber bands, and clips, Choon's Rainbow Loom kit also includes a mini-loom, particularly suitable for making rubber band bracelets. Choon's Design also sells a mini-loom Rainbow Loom individually (separate from the Rainbow Loom kits).

17.     The popularity of Rainbow Loom products has led to numerous copycats trying to capitalize on Plaintiff's hard work. For instance, after taking note



of Plaintiff's great success, infringers and counterfeiters began selling various knockoff products, which include a mini-loom, hook, rubber bands, and clips. The knockoff products are listed for sale at least through ecommerce websites including, Amazon, eBay and Walmart.com. Defendants' ecommerce stores and identifying product are listed on **Exhibit 1**, which includes a thumbnail picture of the infringing products.

18.    Choon's Design spends a great deal of time and effort battling the copycats. Once one copycat infringer is delisted through enforcement efforts another one pops up. In more recent years the copycat infringers have multiplied. Some of the copycat infringers show thousands of reviews on Amazon, meaning they are selling many thousands of products whose sales rightfully belong to Choon's Design.

19.    Choon's Design owns United States Patent Number 8,899,631 ("the '631 patent"), entitled "BRUNNIAN LINK MAKING DEVICE AND KIT," which was issued on December 2, 2014, by the United States Patent and Trademark Office. A true and correct copy of the '631 patent is attached hereto as **Exhibit 5**.

20.    The '631 patent covers Choon's Design's mini-loom kit.

21.    The '631 patent names Cheong Choon Ng as inventor.

22.    Choon's Design is the owner by assignment of all right, title and interest in the '631 patent.

Amburn Law PLLC
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



8

23.    The '631 patent generally relates to, *inter alia*, a novel device, method, and kit for creating a series of links such as a linked bracelet with a novel mini-loom.

24.    Defendants' mini-loom kits infringe one or more of the claims of Plaintiff's '631 patent.

25.    Choon's Design also owns several U.S. trademark registrations and common law trademark rights (the "Trademarks"), including Registration No. 4,714,893 (the '893 Registration) for RAINBOW LOOM and uses this mark in connection with its products. A copy of the registration is attached as **Exhibit 6**.

26.    The '893 Registration is seen below with the words Rainbow Loom displayed in multiple colors:



27.    The '893 Registration includes as its goods and services:

- Jewelry making kits, namely, kits comprised of flexible rubber bands, a loom and a hook; jewelry making kits comprised of a loom and a hook, in International Class 14;

- Rubber bands for making jewelry, fashion accessories and crafts, in International Class 17; and

**Amburn Law PLLC**
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



- Hobby craft kits, namely, kits comprised of flexible rubber bands, a loom and a hook; hobby craft kits comprised of a loom and a hook in Class 28.

28.     Defendants' packaging of its mini-loom kits use discrete colors commonly associated with rainbows (*i.e.*, red, orange, yellow, green, blue, indigo, and violet) (*see* pictures in **Exhibit 1**) as a backdrop for it infringing products. Defendants package and advertise its products in a manner that wrongfully associates itself with Plaintiff's trademarks and brand.    Defendants infringe Plaintiff's trademarks including at least the '893 Registration for at least these reasons.

<div align="center">

**COUNT I**

**DIRECT INFRINGEMENT OF THE '631 PATENT**

</div>

29.     Choon's Design incorporates and re-alleges Paragraphs 1 through 28 as each were fully set forth herein.

30.     The '631 patent remains valid, enforceable and unexpired.

31.     Upon Information and belief, Defendants are directly infringing and have directly infringed the '631 patent, including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, the mini-loom kits, which are covered by the '631 patent.

<div style="writing-mode: vertical-rl">

**Amburn Law PLLC**
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243

</div>



32.    The Defendants' mini-loom kits fall within the scope of one or more claims of the '631 patent. Upon information and belief, Defendants directly infringe at least claims 1, 2, 4, 7-10, 12-20, 23, 24 of the '631 patent.

33.    For example, claim 10 of the '631 patent states:

> A kit for creating an item consisting of a series of links, the kit comprising:
>
>> a template including at least two pins spaced apart from each other, each of the pins including a first end, a base end and an access groove; and
>>
>> at least one clip including inward facing ends for securing ends of the series of links together.

34.    Claim 13 of the '631 patent states:

> The kit as recited in claim 10, including a hook for manipulating elastic members relative to each other.

35.    Claim 14 of the '631 patent states:

> The kit as recited in claim 13, including a plurality of elastic members for forming the series of links.

36.    Defendants' Infringing Products are mini-loom kits including rubber bands; one or more mini-looms; clips; and one or more hooks for creating an item consisting of a series of links, such as a bracelet made from linking the rubber bands.

37.    As an example, below are photographs of one of the Infringing Products from one of the Defendants:

**Amburn Law PLLC**

400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



**Amburn Law PLLC**
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243





Exhibit 7.

      38.    As seen below, included in the Infringing Products are a kit including rubber bands, a mini-loom, clips and a hook:





39.     As seen below, the Infringing Products comprise a template, *i.e.* the mini-loom which includes at least two pins spaced apart from each other, each of the pins including a first end, a base end and an access groove.  Defendants' mini-loom kits also include at least one clip including inward facing ends for securing ends of the series of links together.  The clips are the S-shaped plastic parts used to attach to the rubber band links.

**Amburn Law PLLC**
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243





Amburn Law PLLC
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243

40.     Therefore, after first construing the claims by giving plain and ordinary meaning to the claim elements and comparing the elements to those of Defendants' mini-loom kits, Defendants are infringing at least claim 10 of the '631 patent.

41.     Upon information and belief, Defendants have actual knowledge of the '631 patent and knowledge of its infringement of the '631 patent. Additionally, Defendants will have knowledge of the '631 patent as a result of the filing of this lawsuit.

42.     Upon information and belief, Defendants' infringement has been and continues to be willful and deliberate.



43.     As a result of Defendants' infringement, Choon's Design will suffer severe and irreparable harm, unless Defendants' infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT II

## CONTRIBUTORY INFRINGEMENT OF THE '631 PATENT

44.     Choon's Design incorporates and re-alleges Paragraphs 1 through 43 as each were fully set forth herein.

45.     The Infringing Products including the mini-loom kits and the use of the mini-loom kits fall within the scope of the claims of the '631 patent.

46.     Upon information and belief, with knowledge of the '631 patent, Defendants have contributed to and continue to contribute to the infringement of the '631 patent under 35 U.S.C. § 271(c) by selling, offering to sell and/or importing the mini-loom kit for use by its customers. Defendants' customers directly infringe the '631 patent by using the mini-loom kit to create linked items from elastic bands.

47.     Upon information and belief, Defendants' mini-loom kits are marketed and sold to customers who use it to create linked items for elastic bands. By following the instructions provided by Defendants, customers who use the mini-loom kits directly infringe the '631 patent.

48.     Upon information and belief, Defendants' mini-loom kits have no substantial non-infringing use for at least the reason that the mini-loom kits can only

**Amburn Law PLLC**

400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



be used to directly infringe the '631 patent. In other words, when Defendants' instructions are followed, the mini-loom kit is only used in an infringing manner and is only advertised by Defendants for such an infringing use.

49.     Upon information and belief, the accused mini-loom kits also constitute a material part of the invention of the '631 patent for at least the reason it is the very product used to practice the invention of the '631 patent.

50.     Upon information and belief, Defendants know that the accused mini-loom kits are especially made or especially adapted for use in an infringement of the '631 patent for at least the reason that the mini-loom kits are advertised, sold, and/or offered for sale only to create linked items from elastic bands in a manner covered by the '631 patent.

51.     Upon information and belief, Defendants have actual and/or constructive knowledge of the '631 patent and that Defendants' customers' use of the accused mini-loom kits directly infringes the claims of the '631 patent.

52.     Upon information and belief, Defendants have actual knowledge of the '631 patent. Defendants' knowledge of the '631 patent is based on marking of Plaintiff's products with the '631 patent.  At a minimum, Defendants were willfully blind as to the existence of the '631 patent, and therefore willfully blinded themselves as to their customers' direct infringement of the '631 patent resulting from their use of the mini-loom kits.

**Amburn Law PLLC**

400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



16

53.    As a result of Defendants' contributory infringement, Choon's Design will suffer severe and irreparable harm, unless the infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT III

## INDUCED INFRINGEMENT OF THE '631 PATENT

54.    Choon's Design incorporates and re-alleges Paragraphs 1 through 53 as each were fully set forth herein.

55.    Upon information and belief, with knowledge of the '631 patent, Defendants have induced to and continue to induce the infringement of the '631 patent under 35 U.S.C. § 271(b) by selling, offering to sell and/or importing the mini-loom kit for use by their customers. Defendants' customers directly infringe by using the mini-loom kits to create linked items.

56.    Defendants specifically intended its customers to infringe the claims of the '631 patent and knew that its customers' acts constituted infringement. Upon information and belief, despite a high likelihood that its actions would induce its customers' direct infringement of the '631 patent, Defendants marketed and sold the mini-loom kits to its customers to practice the claimed invention. Defendants' customers directly infringe the '631 patent by creating linked articles from elastic bands by following the instructions provided on Defendants' products.



57.    Upon information and belief, Defendants knew that its customers' actions, when performed, would directly infringe the '631 patent.

58.    Upon information and belief, Defendants have not made any changes to the mini-loom kits despite their knowledge of the '631 patent.

59.    Upon information and belief, despite having actual knowledge of the '631 patent, Defendants continue to actively induce infringement of the '631 patent by continuing to promote the infringing mini-loom kits. Defendants intended their customers to directly infringe the '631 patent, or at the very least, were willfully blind to the fact that Defendants' customers' use of the infringing mini-loom kits would directly infringe the '631 patent.

60.    Upon information and belief, Defendants had actual knowledge of the '631 patent. Defendants' knowledge of the '631 patent is based on the marking of Plaintiff's products with the '631 patent.  Additionally, Defendants' have knowledge of the '631 patent as of the filing of this lawsuit. At a minimum, Defendants were willfully blind as to the existence of the '631 patent, and therefore willfully blinded itself as to its customers' direct infringement of the '631 patent resulting from their use of the infringing mini-loom kits.

61.    As a result of Defendants' inducement of infringement, Choon's Design will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

Amburn Law PLLC
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



## **COUNT IV**

## **TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114**

62.     Choon's Design incorporates and re-alleges Paragraphs 1 through 61 as each were fully set forth herein.

63.     Defendants have, without Plaintiff's consent, used in commerce a colorable imitation of the RAINBOW LOOM mark in connection with the sale, offering for sale, distribution, and/or advertising of goods or services likely to cause confusion, or to cause a mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114.

64.     Plaintiff's federal registration on the Principal Register for the mark RAINBOW LOOM is conclusive evidence of Plaintiff's exclusive right to use this mark, pursuant to the Lanham Act, 15 U.S.C. § 1115.

65.     The infringing acts committed by Defendants were committed with knowledge that such imitation was intended to be used to cause confusion, or to cause mistake or to deceive, and has caused, and, unless enjoined, will continue to cause damage to Choon's Design.

66.     As a proximate result of Defendants' actions, Choon's Design has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks.  The injury is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully

**Amburn Law PLLC**

400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



19

compensate Choon's Design for its injuries and Choon's Design lacks an adequate remedy at law.

67.     Upon information and belief, the foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

68.     Choon's Design is entitled to a preliminary and permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## COUNT V

## INITIAL INTEREST CONFUSION, UNFAIR COMPETITION, AND TRADEMARK AND TRADE DRESS INFRINGEMENT IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

69.     Choon's Design incorporates and re-alleges Paragraphs 1 through 68 as each were fully set forth herein.

70.     In violation of 15 U.S.C. § 1125(a), the Defendants have used in commerce a slogan, trade dress, word, term, name, symbol, or device, or any combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was and is likely to cause confusion or to cause mistake, or to deceive consumers as to an affiliation, connection, or association with Choon's Design.

<div style="writing-mode: vertical-rl">**Amburn Law PLLC**
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243</div>



71. The Defendants have willfully infringed Plaintiff's exclusive rights in and to the common-law rights associated with the RAINBOW LOOM Trademarks and have falsely designated the infringing products.

72. As a direct and proximate result of the Defendants' willful misconduct, Choon's Design has suffered and is suffering irreparable harm to the value and goodwill associated with the RAINBOW LOOM Trademarks, and associated common-law rights, and to Plaintiff's nationwide reputation as a distributor of craft products.

73. Unless the Defendants are restrained and enjoined from further infringement of the RAINBOW LOOM Trademarks and associated common-law rights, and from falsely associating their products with Plaintiff's competing products Choon's Design will continue to be irreparably harmed.

74. Choon's Design has no adequate remedy at law that could compensate it for the continued and irreparable harm it has suffered and will continue to suffer if the Defendants' willful misconduct is allowed to continue.

75. As a direct and proximate result of Defendants' willful misconduct, Choon's Design has suffered lost sales.

76. As a direct and proximate result of the Defendants' willful misconduct, Choon's Design has suffered damages to the RAINBOW LOOM Trademarks and

Amburn Law PLLC
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



common-law rights, along with other damages in an amount not yet known but to be proved at trial.

77.     Plaintiff's RAINBOW LOOM mark is "famous" within the meaning of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c) (the "Anti-Dilution Act").

78.     Choon's Design has no control over the quality of the Defendants' web store, advertising, other promotional materials, or products.

79.     Defendants advertise and sell their products on Amazon, eBay, Walmart.com or other ecommerce store in a manner that causes confusion in the association between Plaintiff and Defendants.  As an example, searching "Rainbow Loom" on Amazon or eBay returns results including the Defendants and their infringing products.

80.     Choon's Design has no adequate remedy at law.

## **PRAYER FOR RELIEF**

Choon's Design respectfully requests that this Court enter judgment in its favor and against Defendants on all counts of this Complaint. Choon's Design specifically requests that this Court:

A.     Enter an order adjudging that Defendants have infringed the '631 patent;

B.     Enter an order adjudging Defendants to have willfully infringed the '631 patent;

<div style="writing-mode: vertical-rl;">

**Amburn Law PLLC**

400 Renaissance Center, Suite 2111, Detroit, Michigan 48243

</div>



C.   Enter an order adjudging Defendants to have infringed the '893 trademark registration, and unfairly competed with Plaintiffs pursuant to the Lanham Act;

D.   Grant permanent injunction enjoining Defendants and their officers, directors, agents, servants, employees and those persons in active concert or participation with Defendants from directly or indirectly infringing the '631 patent in violation of 35 U.S.C. § 271;

E.   Award damages adequate to compensate Choon's Design for Defendants' infringement of the '631 patent;

F.   Award damages adequate to compensate Choon's Design for infringement including those damages provided for in 35 U.S.C. § 154(d).

G.   Enter an order for a trebling of damages and/or exemplary damages because of Defendants' willful infringement pursuant to 35 U.S.C. § 284;

H.   Enter an order adjudging that this is an exceptional case;

I.   Award Choon's Design of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. § 285 and as permitted under Plaintiff's other claims;

**Amburn Law PLLC**
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



J. A permanent injunction enjoining Defendants, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, parents, subsidiaries, licensees, and assigns, and all those in active concert or participation with any of them, from the following acts:

 1. using, attempting to use, or registering, on or in connection with any business or service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any service or any goods, or for any purpose whatsoever: (1) the RAINBOW LOOM mark, or any other name, mark or designation which colorably imitates or is confusingly similar to said name or mark, alone or in combination with any other mark(s), designation(s), word(s), term(s) and or design(s); and (2) any false description or representation or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into the belief that Defendants or their products or services are connected to Choon's Design or that Defendants' products and services come from or are approved or endorsed by Choon's Design; and

 2. otherwise engaging in acts, either directly or through other entities, of infringement and unfair competition;



Amburn Law PLLC
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243

K.     A declaration that Defendants' acts of trademark infringement and unfair competition are knowing, willful and "exceptional" within the meaning of 15 U.S.C. § 1117;

L.     Enter judgment that Defendants have injured Plaintiff's business reputation and diluted the distinctive quality of Plaintiff's famous mark in violation of 15 U.S.C. § 1125(c)(1);

M.     Award damages to Choon's Design as provided under 15 U.S.C. § 1117, including the Defendants' profits, the damages sustained by Choon's Design, and reasonable attorney fees to Choon's Design as prevailing party, and/or if the court finds that the amount of recovery based on profits is either inadequate or excessive, to award a sum the court finds to be just, according to the circumstances of this case and the costs of this action.

N.     Enter an order requiring Defendants to file with the Court and serve upon Plaintiff, within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

O.     Enter an order awarding to Choon's Design actual damages and an accounting of Defendants' profits, including any statutory enhancements on account of the willful nature of Defendants' acts;

Amburn Law PLLC
400 Renaissance Center, Suite 2111, Detroit, Michigan 48243



<div align="left">

P.      Award prejudgment and post-judgment interest and costs of this action; and

Q.      Award Choon's Design any other appropriate legal or equitable relief this Court deems just and proper.

</div>

<div align="center">

**<u>JURY DEMAND</u>**

</div>

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**AMBURN LAW PLLC**

Dated: <u>December 7, 2022</u>      By: <u>/s/ Dean W. Amburn</u>
                Dean W. Amburn (P46427)

400 Renaissance Center, Suite 2111
Detroit, Michigan 48243
Phone: (248) 621-2111 Office
          (248) 212-2777 Mobile
Email: DWA@AmburnLaw.com

***Attorneys for Plaintiff***

