UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN LLC,

          Plaintiff,

v.

ANHETOY, et al.,

          Defendants.

Case No. 2:22-cv-12963

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER DENYING MOTION FOR**
**PRELIMINARY INJUNCTION [13] AND UNSEALING THE CASE**

Plaintiff filed the present patent and trademark infringement case against 98 Defendants who appear to be citizens of the Republic of China. ECF 1. Plaintiff moved ex parte for a temporary restraining order, ECF 6, and the Court granted the motion, ECF 9. The Court also granted Plaintiff's motion to extend the temporary restraining order. ECF 11. Plaintiff then moved for a preliminary injunction under Federal Rule of Civil Procedure 65(a). ECF 13. Defendants EasyBuy-US and Funzbo responded to the motion. ECF 15. The Court held a hearing on the motion on January 17, 2023, and counsel for five Defendants—EasyBuy-US, Funzbo, HZBHLLX, JMING, and YCZL—appeared. The Court took Plaintiff's motion under advisement. After careful review of the briefing and consideration of the arguments at the motion hearing, the Court will deny the motion for a preliminary injunction and unseal the case.

## BACKGROUND

In the interest of judicial economy, the Court will adopt the background section from its previous opinion and order, ECF 9, PgID 635–37.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions. A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted). "Four factors determine when a court should grant a preliminary injunction: (1) whether the party moving for the injunction is facing immediate, irreparable harm, (2) the likelihood that the movant will succeed on the merits, (3) the balance of the equities, and (4) the public interest." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326 (6th Cir. 2019) (citations omitted). The four factors "are not prerequisites that must be met[] but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citation omitted).

## DISCUSSION

Based on the four preliminary injunction factors, the Court will deny Plaintiff's motion. The Court will discuss each factor in turn.

I. <u>Immediate, Irreparable Harm</u>

Plaintiff claimed that it risked suffering irreparable harm if the injunction is denied because the goodwill of its product could be destroyed. ECF 13, PgID 711–12;

*see* ECF 6, PgID 161. Plaintiff stated that it "cannot control the quality of Defendants' infringing products," so its reputation, value, and goodwill would be at stake if customers confused the products of Defendants with the products of Plaintiff. ECF 6, PgID 161.

The Court finds that the marks of Plaintiff's and Defendants' products are not so similar that a consumer would be reasonably confused. Although some of Defendants' products use the word "Loom" in their mark, Plaintiff's trademark expressly notes that "no claim is made to the exclusive right to use 'LOOM', apart from the mark as shown." ECF 1-6, PgID 86 (alterations omitted). Based on the evidence before the Court, no product used the word "Loom" in the manner that Plaintiff used the word in its mark. *See* 6-3, PgID 196–215.

Some products owned by Defendants admittedly feature a rainbow theme. *See id.* But the trademark owned by Plaintiff does not claim exclusive rights to a general rainbow theme. Instead, the trademark protects certain colors "as a feature of the mark" that follow a particular gradation. ECF 1-6, PgID 86. The trademark also limits the color scheme to being "inside the wording." *Id.* No evidence suggests that Defendants' products include a mark like Plaintiffs' mark, based on the wording and coloring, in a way that would lead consumers to be reasonably confused about the products. *See* 6-3, PgID 196–215. And at least some Defendants prominently list their own brand names on the sites they use to sell their products; that fact creates a clear differentiator between the products of Defendants and that of Plaintiff. *See* ECF 15, PgID 777; ECF 15-1, PgID 788; ECF 15-2, PgID 811.

3

All told, Defendants' products generally include looms and colorful rubber bands, but those limited similarities to Plaintiff's mark cannot necessarily or clearly mean that a reasonable consumer would be confused between the sellers of the products. Plaintiff's argument that the goodwill and value connected to its product is at risk is therefore unpersuasive because it cannot show that it faces irreparable harm without a preliminary injunction. The first factor weighs against granting a preliminary injunction.

II. <u>Likelihood of Success on the Merits</u>

Plaintiff alleged infringement of its trademark and of its patent for the Rainbow Loom. The Court will start its analysis with the trademark infringement claims and end with the patent infringement claims.

  A. *Trademark Infringement*

To establish a trademark infringement claim, Plaintiff must show that "(1) it owns the registered trademark; (2) [] [D]efendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing 15 U.S.C. § 1114(1)). The parties dispute only the third element. As explained above, the similarities between the Rainbow Loom mark and the marks belonging to Defendants are not so similar that consumers are likely to confuse the products. Plaintiff's best evidence is perhaps customer evaluations that refer to a Defendant's product as a "rainbow loom." ECF 6, PgID 151. Yet the reviews do not show that those customers believed the product they had purchased was owned by Plaintiff. Indeed, Plaintiff's products include their "Rainbow

4

Loom" mark, ECF 1, PgID 9–10, while most of the allegedly infringing products feature dissimilar marks or no mark at all. *See* ECF 6-3, PgID 196–215; ECF 15-1, PgID 788–94; ECF 15-2, PgID 811–15, 821–25; *see also* ECF 1, PgID 12. And Plaintiff even offered evidence that showed customers who distinguished between Defendants' products and Plaintiff's product and who described "[t]he rubber bands that come in the Rainbow Loom kit [as] far superior." ECF 6, PgID 152. The evidence therefore suggests that a reasonable consumer would assume that a product without the protected Rainbow Loom mark was not a Rainbow Loom product. Plaintiff thus failed to show a likelihood of success on the merits as to the trademark infringement claim because Defendants' products are not "likely to cause confusion." *Hensley Mfg., Inc.*, 579 F.3d at 609 (citing 15 U.S.C. § 1114(1)).

    B.    *Patent Infringement*

To prevail on a patent infringement claim, "[P]laintiff must allege sufficient facts that the accused product contains 'elements identical or equivalent to each claimed element of the patented invention.'" *Stuart v. Rust-Oleum Corp.*, 272 F. Supp. 3d 1019, 1024 (S.D. Ohio 2017) (quoting *Warner–Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997)); 35 U.S.C. § 271. "If a single element is missing, there is no literal infringement." *Rothschild v. Ford Motor Co.*, 2 F. Supp. 2d 941, 947–48 (E.D. Mich. 1998) (citing *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)).

Plaintiff alleged that Defendants infringed on claims 1, 2, 4, 7–10, 12–20, and 23–24 of the '631 patent. ECF 1, PgID 11; *see* ECF 1-5, PgID 83–84 (patent claims).

5

To support the allegation, Plaintiff offered a photograph of a mini loom from a product owned by one of the Defendants that allegedly infringes on the patent Plaintiff owns. ECF 6, PgID 149. Plaintiff did not detail to which Defendant the product belonged. *See id.* at 147–49; ECF 17, PgID 911–12. And Plaintiff offered no other photographs to compare the products of the remaining 97 Defendants. *See* ECF 6, PgID 147–49; ECF 17, PgID 911–12. Simply put, the single, unidentified photo is insufficient evidence on which the Court may find that Plaintiff would likely succeed on the merits of its patent claim against all Defendants. *See Mazurek*, 520 U.S. at 972 (A preliminary injunction "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.").

What is more, the allegedly infringing product appears to lack at least one element of Plaintiff's claims relating to a part of the device called a "clip." ECF 1-5, PgID 83. Under claim 12, the patent provides that the "clip" first listed in claim 9 and reiterated in claim 10 "defines an interior space for receiving portions of elastic members and the inward facing ends extend into *the interior space* for preventing elastic members from moving through the opening." *Id.* (emphasis added). Put another way, the claim describes a clip that has both of its ends extending inward into one interior space, in a C-shape.[1] Yet the photograph of the Defendant's product reveals that the clip is made in an S-shape. ECF 6, PgID 148–49. The ends of an S-shaped clip extend inward into two interior spaces rather than one interior space. *See*

---

[1] Claim 11 describes the clip as a "C-shape." ECF 1-5, PgID 83. Plaintiff did not allege infringement of claim 11. *See* ECF 1, PgID 11. In the Court's view, however, claim 12 describes the clip to be in a C-shape. ECF 1-5, PgID 83.

6

*id.* The product presented by Plaintiff thus lacks "elements identical or equivalent to each claimed element of the patented invention." *Stuart*, 272 F. Supp. 3d at 1024 (quotation omitted). In all, the second factor cuts against granting a preliminary injunction to Plaintiff.

III.    <u>Balance of the Equities and Public Interest</u>

In light of the earlier findings by the Court that the public is unlikely to be confused between the products of Plaintiff and Defendants, a preliminary injunction to freeze the assets of Defendants and to preclude them from selling their products could cause significant financial harm to Defendants. What is more, because consumers are not likely to be confused between the products, a preliminary injunction would only limit the options available to the public in the market of rubber-band kits. A preliminary injunction would thus not be in the public's interest. On balance, the equities favor the Court denying Plaintiff a preliminary injunction.

## CONCLUSION

All four factors weigh against granting a preliminary injunction, so the Court will deny Plaintiff's motion for a preliminary injunction. The Court will also order the Clerk of the Court to unseal the case. In the order granting a temporary restraining order to Plaintiff, the Court ordered that "the seal must be immediately lifted as to any Defendant whose online merchant and payment accounts is frozen by the issuance of this order." ECF 9, PgID 638–39. Plaintiff confirmed in its motion for a preliminary injunction that it had served the temporary restraining order on the third-party ecommerce sites "in order for the ecommerce sites to shut down the

7

infringing activities of the Defendants." ECF 13, PgID 696. Plaintiff also confirmed that it had received responses from the ecommerce sites. *Id.* Thus, the condition iterated by the Court, that the seal would "be immediately lifted as to any Defendant whose online merchant and payment accounts is frozen by the issuance of this order," ECF 9, PgID 638–39, has been satisfied. The Court will therefore order the Clerk of the Court to unseal the case.

Last, because of rulings contained in this opinion and order, the pending motions to unseal the case, ECF 32, and for an extension of time to respond to the preliminary injunction motion, ECF 33, are denied as moot.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for a preliminary injunction [13] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **UNSEAL** the case.

**IT IS FURTHER ORDERED** that the pending motions to unseal the case [32] and for an extension of time to respond to the preliminary injunction motion [33] are **DENIED AS MOOT**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: January 31, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2023, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
