UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN LLC,                              Case No. 22-12963

     Plaintiff,                                          F. Kay Behm
v.                                                        United States District Judge

ANHETOY, *et al.*,

     Defendants.
_____ /

## ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 44)

## I.   PROCEDURAL HISTORY

Plaintiff, Choon's Design, LLC filed this action asserting that online sellers were flooding the marketplace with products infringing its patented mini-loom kits and Rainbow Loom® trademark and brand.  (ECF No. 1).  Choon's owns U.S. Patent No. 8,899,631 (the '631 patent) and U.S. Trademark Registration 4,714,893 (the '893 Registration) for "RAINBOW LOOM."  The '893 Registration includes the words "Rainbow Loom" in multiple colors with the word "Rainbow" in an arch like a rainbow: .  (ECF No. 1).  This matter was previously assigned to District Judge Stephen J. Murphy, III, who issued substantive decisions on Choon's requests for injunctive relief.  Judge Murphy initially issued an *ex parte* temporary restraining order in Choon's favor (ECF No. 9) but then denied Choon's motion for

a preliminary injunction.  (ECF No. 36).  Choon's now moves for reconsideration of

Judge Murphy's decision denying its motion for a preliminary injunction.  (ECF No.

44).  This matter was reassigned to the undersigned after Judge Murphy issued his

decision on the motion for a preliminary injunction but before Choon's filed its

motion for reconsideration.  Three groups of Defendants have responded to the

motion for reconsideration.  (ECF Nos. 52, 53, 54).  Choon's has filed a reply.  (ECF

No. 56).

      For the reasons set forth below, the court **DENIES** the motion for

reconsideration.

## II.    OPINION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

      The court incorporates the factual background found in Judge Murphy's

December 16, 2022 Opinion and Order granting the *ex parte* motions to

temporarily seal the case and for a temporary restraining order.  (ECF No. 9,

PageID.635-637).  On January 31, 2023, Judge Murphy issued another Opinion

and Order denying the motion for a preliminary injunction.  (ECF No. 36).

Notably, Choon's irreparable harm argument was based solely on its Lanham Act

trademark infringement claim, not on its patent infringement claim.  Judge

Murphy found that the irreparable harm factor weighed against issuing a

preliminary injunction because Choon's marks and Defendants' products were not

so similar as to cause confusion.  *Id*. at PageID.1076.  As to the likelihood of

success on the merits of the trademark infringement claim, Judge Murphy

concluded the evidence before the court did not show that Defendants' products

were "likely to cause confusion."  *Id*. at 1078.

As to the likelihood of success on the merits of the patent infringement

claim, Judge Murphy made two findings.  First, he found Choon's evidence of

patent infringement insufficient in that Choon's offered one photo as to a single

undifferentiated Defendant and no other photographs to compare the products

of the remaining 97 Defendants.  Second, he also found that the infringing

products lacked at least one element of Choon's claims relating to a part of the

device called a "clip":

> Under claim 12, the patent provides that the "clip" first
> listed in claim 9 and reiterated in claim 10 "defines an
> interior space for receiving portions of elastic members
> and the inward facing ends extend into *the interior
> space* for preventing elastic members from moving
> through the opening." *Id*. (emphasis added). Put another
> way, the claim describes a clip that has both of its ends
> extending inward into one interior space, in a C-shape.
> Yet the photograph of the Defendant's product reveals
> that the clip is made in an S-shape. ECF 6, PgID 148–49.
> The ends of an S-shaped clip extend inward into two
> interior spaces rather than one interior space. *See id*.
> The product presented by Plaintiff thus lacks "elements
> identical or equivalent to each claimed element of the
> patented invention." [*Stuart v. Rust-Oleum Corp.*, 272 F.

> Supp. 3d 1019, 1024 (S.D. Ohio 2017)] (quotation
> omitted).

*Id*. at 1079-80 (footnote omitted).  Judge Murphy noted that claim 11 describes

the clip as a "C-shape", and that Choon's did not allege infringement of claim 11.

*Id*. at 1079, n. 1 (citing ECF No. 1-5, PageID.83, ECF No. 1, PageID.11).  In Judge

Murphy's view, however, claim 12 described the clip to be in a C-shape.  *Id*. (citing

ECF No. 1-5, PageID.83).  Thus, Judge Murphy concluded that the second factor

weighed against the issuance of a preliminary injunction because Defendants'

products had an S-shaped clip, not a C-shaped clip.

Lastly, as to the balance of the equities and the public interest, Judge

Murphy found that, because the public was unlikely to be confused by the

products, a preliminary injunction to freeze Defendants' assets and preclude

them from selling their products would cause Defendants significant financial

harm.  *Id*. at 1080.  Likewise, he concluded that the public interest would not be

served by limiting the options available for sale in the market of rubber band kits,

given the unlikelihood of consumer confusion.  *Id*.

## III.   ANALYSIS

Choon's mentions Federal Rule of Procedure 60(b) in its motion for

reconsideration, but because Judge Murphy's Order was not a final order, this

rule does not apply.  *See Prieto Refunjol v. Adducci*, No. 2:20-CV-2099, 2020 WL

3026236, at *3 n. 4 (S.D. Ohio June 5, 2020) (Rule 60 only applies to motions

seeking reconsideration of a final order and although a preliminary injunction

order is immediately appealable by statute, it is not a final order.) (citing *Bratcher*

*v. Clarke*, 725 F. App'x 203, 205 n.1 (4th Cir. 2018) (*per curiam*); *Payne v. Courier-*

*Journal*, 193 F. App'x 397, 400 (6th Cir. 2006); *Planned Parenthood Sw. Ohio*

*Region v. Dewine*, 931 F.3d 530, 540 (6th Cir. 2019) (drawing distinction between

a preliminary injunction and a "final order" or a "final decision on the merits")).

Accordingly, Choon's motion is governed by Local Rule 7.1(h)(2), which

provides limited and narrow grounds on which the court may reconsider its non-

final orders.  Motions for reconsideration may only be brought on three grounds:

> (A) The court made a mistake, correcting the mistake
> changes the outcome of the prior decision, and the
> mistake was based on the record and law before the
> court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a
> different outcome; or
>
> (C) New facts warrant a different outcome and the new
> facts could not have been discovered with reasonable
> diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(A)–(C).

Choon's motion does not identify any of the grounds listed in Local Rule 7.1 above.  Instead, Choon's argues that Judge Murphy committed "palpable error" by construing the term "clip" in independent claim 10 of the '631 patent to mean a clip with a "C-shape," when the term "C-shape" first appears in claim 11, a dependent claim to claim 10.  The court construes this as a request for reconsideration under Local Rule 7.1(h)(2)(A), that Judge Murphy "made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision."  E.D. Mich. L.R. 7.1(h)(2)(A).  According to Choon's, had Judge Murphy properly construed the term clip, a different result would be required, including a finding of a likelihood of success on the merits of its patent infringement claims against the Defendants.  More specifically, Choon's contends that Judge Murphy erred by failing to apply a presumption of claim differentiation.  That is, the court should not rely on a dependent claim to construe the meaning of an independent claim.  *GE Lighting Solutions, LLC v. AgiLight, Inc*., 750 F.3d 1304, 1308-09 (Fed. Cir. 2014).  And here, according to Choon's, Judge Murphy's conclusion that claim 10 "describes a clip that has both of its ends extending inward into one interior space, in a C-shape" violates the presumption of claim differentiation.  (ECF No. 36 PageID.1079).  Choon's

maintains that independent claim 10 of the '631 patent does not require that the

clip be in a C-shape or have both of its ends extending inward into one interior

space.  Claim 10 of the '631 patent says:

> A kit for creating an item consisting of a series of links,
> the kit comprising:
>
> a template including at least two pins spaced apart from
> each other, each of the pins including a first end, a base
> end and an access groove; and
>
> at least one clip including inward facing ends for
> securing ends of the series of links together.

ECF No. 6-4, PageID.227.  Choon's contends that no description of the clip having

a C-shape or ends of the clip extending inward into one interior space is required

in claim 10.  By not requiring a C-shape or ends extending into one interior center,

claim 10 allows that the clip could be many different shapes including S-shaped,

C-shaped, or other shapes.  Yet, Judge Murphy concluded that the clip must be C-

shaped because claim 11 describes the clip as C-shaped.  (ECF No. 36,

PageID.1079, n. 1).  However, Choon's argues that claim 11 is a dependent claim

of claim 10.  (ECF No. 6-4, PageID.227).  Claim 11 says "[t]he kit as recited in claim

10, wherein the clip comprises a C-shape and the inward facing ends extend in a

direction perpendicular to an opening."  *Id*.  Choon's points out that Defendants'

products include S-shaped clips and argues that if Judge Murphy applied the

standard for claim differentiation, he would have reached a different result on the issue of likelihood of success on the merits of Choon's patent infringement claims. This is so because the S-shaped clips include "inward facing ends for securing ends of the series of links together," (ECF No. 6-2, PageID.179), and applying the principal of claim differentiation to claim 10 means claim 10 is not limited to C-shaped clips.  Instead, infringement of claim 10 is present if the clip is S-shaped. Thus, Choon's argues that Judge Murphy should have concluded that it is likely to succeed on the merits of infringement of at least claim 10 of the '631 patent because elements identical or equivalent to each claimed element of the patented invention can be found in the Defendants' products.

Defendants urge the court to reject Choon's arguments for two reasons. First, they assert that Choon's did not put its claim differentiation theory before the court and thus cannot do so now.  Second, they assert that Choon's is wrong on the merits of its arguments for a variety of reasons.  The court need not address the latter argument because it is clear from the briefing on the motion for preliminary injunction and the hearing transcript that Choon's did not raise the argument of claim differentiation before Judge Murphy.  It is well-established that "[a] motion for reconsideration is 'not an opportunity … to raise [new] arguments which could, and should, have been made' earlier." *Burn Hookah Bar, Inc. v. City*

*of Southfield*, No. 2:19-CV-11413, 2022 WL 730634, at *1 (E.D. Mich. Mar. 10,

2022) (quoting *Bills v. Klee*, No. 15-cv-11414, 2022 WL 447060, at * 1 (E.D. Mich.

Feb. 14, 2022) (second alteration in original) (quoting *Sault Ste. Marie v. Engler*,

146 F.3d 367, 374 (6th Cir. 1998)).  Here, Choon's seeks to make new arguments

based on a legal theory that was not presented to Judge Murphy.  That is not a

permissible ground for reconsideration under Local Rule 7.1(h)(2)(A) because that

legal theory was not before Judge Murphy at the time of the original decision.

The court need not address the issue regarding the single photo because Judge

Murphy's decision that the infringing products lacked at least one element of

Choon's claims relating to a part of the device called a "clip" stands, as does his

decision that Choon's failed to establish a likelihood of success on the merits of

the patent infringement claim on that basis.

Choon's also argues that this district, in *Choon's Design, Inc. v. Tristar

Products, Inc*, Case No. 2:14-cv-10848, construed the term "clip" in a related

patent as a connector, not a C-shaped clip and Judge Murphy should have

followed that decision.  The court construes this argument as a request for

reconsideration under Local Rule 7.1(h)(2)(B), which provides that a court may

reconsider its decision in a non-final order where an "intervening change in

controlling law warrants a different outcome."  E.D. Mich. L.R. 7.1(h)(2)(B).

Choon's now offers case law regarding the claim construction for what it characterizes as a related patent.  Yet, that decision was issued in 2016, years before the hearing before Judge Murphy and Choon's offers no reasonable explanation regarding why that authority could not have been timely presented to Judge Murphy.  Further, Local Rule 7.1(h)(2)(B) refers to an "intervening change in controlling law," and a decision issued seven years ago simply cannot constitute an "intervening change."  Thus, Choon's has not presented a permissible ground for reconsideration under Local Rule 7.1(h)(2)(B).

To the extent that this aspect of Choon's motion could arguably fall under Local Rule 7.1(h)(2)(C) – "New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision" – the court is similarly unpersuaded.  Choon's argues that it could not have brought this case to Judge Murphy's attention because it was not aware that Defendants would contest the meaning of the term clip until the hearing. However, nothing precluded Choon's from moving to supplement the record after the hearing and before Judge Murphy issued his decision two weeks later.  The court concludes that Choon's did not exercise reasonable diligence and has not satisfied Local Rule 7.1(h)(2)(C).

Next, Choon's argues that Judge Murphy failed to apply a likelihood of confusion test to its Lanham Act claims.  The court construes this as a request for reconsideration under Local Rule 7.1(h)(2)(A), that Judge Murphy "made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision."  E.D. Mich. L.R. 7.1(h)(2)(A).  The Lanham Act makes any person who uses "any word, term, name, symbol, or device" in a way that is "likely to cause confusion, or to cause mistake, or to deceive as to ... affiliation, connection, or association" liable to a senior trademark owner.  15 U.S.C. § 1125(a)(1)(A).  As explained in *Sunless, Inc. v. Palm Beach Tan, Inc.*, 33 F.4th 866, 869 (2022) the "touchstone of liability" for a claim under 15 U.S.C. § 1125 "is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods ...."  *Id*. (quoting *Daddy's Junky Music Stores, Inc. v. Big Daddy's Fam. Music Ctr*., 109 F.3d 275, 280 (6th Cir. 1997) and citing *Progressive Distrib. Servs. v. United Parcel Serv., Inc*., 856 F.3d 416, 424 (6th Cir. 2017)).  While Choon's says that Judge Murphy did not address the likelihood of confusion factor, his written opinion belies that argument.  In fact, as to the Lanham Act claim, that is the only factor he addressed.  (ECF No. 36, PageID.1077-78).  Accordingly, Choon's argument is contrary to Judge Murphy's decision.

While Choon's also seems to complain in reply that Judge Murphy did not address the *Frisch* factors[1] in his decision, Choon's failed to address the *Frisch* factors in its submissions.  (ECF Nos. 6, 13).  In fact, Choon's argued that where a defendant uses a counterfeit mark, "a likelihood of confusion is presumed."  (ECF No. 6, PageID.6, quoting *Ford Motor Co. v. Lloyd Design Corp.*, 22 F. App'x 464, 468 (6th Cir. 2001)).  Choon's argument rested not on an analysis of the *Frisch* factors, but on its claim that because "Defendants are selling unauthorized goods in packaging intended to copy Plaintiff's authentic products, likelihood of consumer confusion is established as a matter of law."  *Id*.  While it is the district court's obligation to attempt a "thorough and analytical treatment" of the *Frisch* factors, *see Sunless*, 33 F.4th at 869 (quoting *Homeowners Grp., Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1107 & n.4 (6th Cir. 1991)), the court is *not* required to analyze the *Frisch* factors where the parties have failed to brief them. *Sunless*, 33 F.4th at 869 ("Other than assuring itself of its own jurisdiction, ... the district court was under no obligation to consider arguments not presented to it."

---

[1] Typically, the likelihood of consumer confusion element "is assessed via an eight-factor, nothing-is-off-the-table, totality-of-the-circumstances test," commonly referred to as the *Frisch* factors.  *Sazerac Brands, LLC v. Peristyle, LLC*, 892 F.3d 853, 857 (6th Cir. 2018) (citing *Frisch's Rests., Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982)). Those eight factors are the (1) strength of the plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines.  *Sunless*, 33 F.4th at 869 (citing *Frisch*, 670 F.2d at 648).

(citations omitted)).  Thus, to the extent Choon's claims that Judge Murphy made a mistake in failing to address the *Frisch* factors, the court concludes that he did not err because this issue was not presented to him.  Accordingly, Choon's has not presented a permissible ground for reconsideration under Local Rule 7.1(h)(2)(A).

Finally, the court rejects Choon's argument regarding irreparable harm because it is dependent on the court finding that Judge Murphy erred with respect to his analysis of the merits of Choon's Lanham Act claim.  Given that the court rejects the motion for reconsideration of the merits of Choon's trademark infringement claim, it likewise rejects the motion for reconsideration of Judge Murphy's irreparable harm findings.

## III.    CONCLUSION

For the reasons set forth above, the court **DENIES** the motion for reconsideration.

**SO ORDERED**.

Date:  September 26, 2023          s/F. Kay Behm
                                  F. Kay Behm
                                  United States District Judge