UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN, LLC,

    Plaintiff,

v.

ANHETOY, *et al.*,

    Defendants.

_____/

Case No. 22-12963

Hon. F. Kay Behm
Hon. Kimberly G. Altman

## ORDER CONDITIONALLY GRANTING MOTION TO APPEAR REMOTELY AND ORDER TO SHOW CAUSE

On March 18, 2025, the court issued a notice of an in-person settlement conference on June 17, 2025, before Magistrate Judge Kimberly G. Altman. ECF No. 314. Four days before the conference, on Friday, June 13, 2025, Defendants EasyBuy-US, Funzbo, Big Totoro, YYDS11, HZBHLLX, and YCZL sought leave to appear for the conference remotely. ECF No. 327. Plaintiff opposes Defendants' request. ECF No. 328.

Pursuant to Local Rule 16.1(c), the court may order parties to be present at pretrial conferences, and "[a]t settlement conferences, all parties must be present." *See also* LR 16.6 ("The court may require parties to be present."); Fed. R. Civ. P. 16(f). The court did so here: indicating that "CLIENT(S)/CLIENT REPRESENTATIVE(S) WITH FULL SETTLEMENT

AUTHORITY MUST ATTEND THE SETTLEMENT CONFERENCE." ECF No. 314 (emphasis in original). Despite receiving three months' notice of their required in-person participation, Defendants request to appear remotely at the eleventh hour. Defendants state that EasyBuy-US, Funzbo, Big Totoro, and YYDS11 have identified representatives who are "unable to be present" in person for the conference. Defendants do not explain why these representatives are unable to be present. HZBHLLX and YCZL have not identified a representative to participate in the conference at all. Defendants also request leave to submit their settlement statement to the court late. Plaintiff opposes Defendants' request to appear remotely as unfairly prejudicial.

The court agrees that remote settlement conferences are unlikely to be as productive as those in which the parties participate in person. Further, the court is unconvinced by Defendants' late, unsupported request, which suggests that Defendants are not sincerely engaging in the settlement process. For the sake of attempting to salvage settlement negotiations and to adhere to the schedule in place, the court will **CONDITIONALLY GRANT** Defendants' motion to appear remotely. Defendants may also submit their untimely settlement statement. The court expects all parties to be prepared to fully participate through their

designated representatives in good faith. The court will provide a remote link for all parties and counsel.

However, Defendants must justify their apparent disregard of the court's order to appear in person. The court does not find the explanation provided so far to be sufficient. Pursuant to Rule 16(f), the court may sanction a party that "fails to obey a scheduling or other pretrial order" or who "does not participate in good faith" at a settlement conference. Fed. R. Civ. P. 16(f)(1) (cross-referencing Rule 37(b)(2)(A)(ii)-(vii)). These sanctions include striking pleadings or "rendering a default judgment against the disobedient party," which is presently under the court's consideration. Fed. R. Civ. P. 37(b)(2)(A)(vi).

Therefore, it is **ORDERED** that Defendants shall **SHOW CAUSE** in writing, within ten (10) days of the date of this order, why they should not be sanctioned, through a default judgment or otherwise, for failing to appear in person as ordered by the court. In addressing this issue, the court will also consider whether Defendants participated in the June 17, 2025 settlement conference in good faith.

**SO ORDERED.**

Dated: June 16, 2025                           s/F. Kay Behm
                                                               F. Kay Behm
                                                               United States District Judge